J-S75040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
       v.   :
  :
  :
  :
RONALD L. AKES,   :
  :
      Appellant   :   No. 1399 EDA 2018

Appeal from the PCRA Order April 24, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001777-2014

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 21, 2019**

Ronald L. Akes ("Akes"), *pro se*, appeals from the Order dismissing his

first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42

Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court previously set forth the relevant factual and procedural

history as follows:

> On the evening of February 12, 2014, at approximately 8:30 p.m.,
> [Darby Borough Police] Officer [Brian] Jefferson was on routine
> patrol in the area of Main Street and MacDade Boulevard in Darby
> Borough, Delaware County.  Officer Jefferson was in full uniform
> and patrolling in a marked police vehicle.
>
> Officer Jefferson observed a minivan traveling northbound on
> MacDade Boulevard.  Officer Jefferson witnessed the van change
> from the left turn lane into the straight lane without a turn signal,
> cutting off another vehicle.  Officer Jefferson turned on his lights
> and stopped the vehicle within the 200 block of MacDade
> Boulevard, approximately a block down from where he witnessed
> the violation.  At this point, Officer Jefferson had his overhead
> lights[] and a spotlight on, as well as takedown lights, which are

two white lights that better illuminate the vehicle for officer safety. He could see that there were three occupants in the vehicle.

Officer Jefferson approached the vehicle and spoke with the driver, [Akes].[fn]  Although some people act nervously when pulled over, [Akes] was nervous beyond the threshold of the "normal nervousness" Officer Jefferson typically sees.  [Akes's] hands were trembling violently and he was sweating despite it being snowy out.  Officer Jefferson advised [Akes] why he was stopped and asked for his license, registration, and insurance.  As [Akes] was reaching into his glove box, a light came on within the glove box, and Officer Jefferson could see an orange pill container with no label containing multiple white pills.

[fn] The other occupants in the vehicle were identified as Bernard Debose and Andre Brand.  [Debose and Brand were also charged in connection with this incident.]

Officer Jefferson asked [Akes] to hand him the unlabeled pill bottle; however, [Akes] handed him two other pill bottles from the glove box, one orange and another white[,] that were not in Officer Jefferson's view.  The orange pill bottle was prescribed to an Erica Simmons for oxycodone, quantity of 120.  The white pill bottle was also prescribed to Erica Simmons for amoxicillin in the quantity of 30.  [Akes] gave Officer Jefferson a prescription that he took out from the center console and stated that he picked the pills up from Wal-Mart that evening.  Officer Jefferson once again asked for the pill bottle that he originally saw[,] and [Akes] handed over the unlabeled orange pill bottle.[fn2], [fn3]

[fn2] At the station, officers located a pill bottle[] prescribed to Andre Brand in [] Debose's shoe.

[fn3] The pills were later submitted to the Pennsylvania State Police Bureau of Forensic Services, Lima Regional Laboratory[,] and were confirmed to be oxycodone, a schedule II narcotic.

When Officer Jefferson told [Akes] he was the subject of an official investigation and asked for his name, [Akes] replied "Ronald Premier" and gave an address in Maryland[,] but a zip code in New Jersey.  Officer Jefferson went back to his vehicle and tried to confirm [Akes's] identity; however, it yielded no results, which means he does not have ID in the state or he lied.

Officer Jefferson went back to speak to [Akes] and advised him that he was under arrest for drugs and for lying about his name. When asked if there was anything in the vehicle that Officer Jefferson should know about, [Akes] said, "no, you can check it." In the rear, right side passenger seat, Officer Jefferson located a black notebook that contained "tally marks as if it were a drug ledger." Officer Jefferson also found three Pennsylvania ID's and insurance information for Erica Simmons, Valerie Sadler, and Lorraine Fielding. Officer Jefferson also took [Akes's] cell phone that he was holding as well as $113 [] that he had on his person. After the stop, Officer Jefferson placed all of the evidence into the evidence locker.

[Akes] was arrested and charged with Possession with Intent to Deliver, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and False Identification to Law Enforcement.

On July 2, 2014, [Akes] filed a [M]otion to suppress[,] as well as a [M]otion for severance. [The suppression c]ourt heard argument on the [M]otion for severance and denied it because the issues raised by counsel could have been adequately addressed by cautionary instructions to the jury at the time of trial. In addition, prior to trial, both Bernard Debose and Andre Brand entered guilty pleas, leaving only [Akes] left to stand trial, thereby effectively reaching the very outcome sought by [Akes.]

With regard to the suppression [M]otion, this [c]ourt had to reschedule the [M]otion two separate times because counsel for [Akes] was not fully prepared to proceed on the scheduled days. On October 1, 2014, counsel had mistakenly not subpoenaed the owner of the vehicle, [] Quran H. Lockett [("Lockett")], to appear at the hearing. Counsel asked for a continuance to subpoena [] Lockett. This [c]ourt granted the continuance and rescheduled the suppression hearing for October 24, 2014.

On October 24, 2014, [Akes] attempted to call [] Lockett to establish standing; however, counsel did not advise [] Lockett prior to the hearing that he had the right to obtain the advice of counsel. [The suppression c]ourt had to continue the suppression hearing until October 31, 2014, so that the witness could obtain counsel if he desired.

- 3 -

On October 31, 2014, [] Lockett opted not to testify, and, as such[,] [Akes] could not establish standing.[1] …

Trial Court Opinion, 5/27/15, at 1-5 (footnote added; citations to the record and some footnotes omitted).

On November 7, 2014, a jury found Akes guilty of possession with intent to deliver oxycodone, possession of drug paraphernalia, and false identification to law enforcement. Following a pre-sentence investigation report ("PSI"), the trial court sentenced Akes to an aggregate term of 72 to 144 months in prison, followed by three years of probation.

Akes filed a timely, *pro se* post-sentence Motion, along with a *pro se* Notice of Appeal.[2] Akes subsequently filed a timely, counseled post-sentence Motion. Following a hearing, the trial court denied Akes's Motion. This Court affirmed Akes's judgment of sentence on July 26, 2016. *See Akes*, 154 A.3d 870 (unpublished memorandum).

On March 23, 2017, Akes, *pro se*, filed the instant timely Petition, challenging the effectiveness of his trial counsel. The PCRA court appointed

_____

[1] In its October 31, 2014 Order, the trial court denied Akes's Motion to Suppress because "[Akes] was unable to establish a **privacy interest** in the vehicle that was searched by police." Order, 10/31/14 (emphasis added); *see also Commonwealth v. Akes*, 154 A.3d 870 (Pa. Super. 2016) (unpublished memorandum at 12 n.6) (wherein this Court indicated that the trial court erroneously stated that Akes could not establish standing to challenge the search of the vehicle, but concluded that the misstatement was a scrivener's error).

[2] On March 2, 2015, this Court quashed Akes's *pro se* Notice of Appeal as interlocutory.

Akes counsel, who filed an Application to Withdraw as counsel, and a **Turner**/**Finley**[3] "no-merit" letter on February 15, 2018.  By Order dated March 22, 2018, the PCRA court permitted PCRA counsel to withdraw.

On April 24, 2018, the PCRA court dismissed Akes's PCRA Petition.[4] Akes filed a timely, *pro se* Notice of Appeal.

On appeal, Akes presents the following questions for our review:

I. Did the [PCRA] court err in dismissing the properly[-]filed PCRA [P]etition without conducting an evidentiary hearing?

II. Does the [PCRA] court's failure to address the distinct claims sought to be raised by [Akes] in his proposed amended PCRA [P]etition constitute a due process violation?

Brief for Appellant at 6.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first claim, Akes asserts that the PCRA court erred in dismissing his Petition without a hearing, and raises several challenges to the

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] In its Order dismissing Akes's Petition, the PCRA court indicated that it filed a Pa.R.Crim.P. 907 Notice of its intention to dismiss the Petition without a hearing on March 22, 2018, and that Akes filed a *pro se* Response on April 4, 2018.  However, these documents do not appear on the docket, nor do they appear in the certified record.

effectiveness of his trial counsel, which we will address separately. **See** Brief for Appellant at 8-19. The PCRA permits relief when a conviction is the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

**Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted); **see also Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2014) (stating that "[a] defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such a magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." (citations and brackets omitted)). "A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim." **Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citations omitted). Additionally, "as to ineffectiveness claims in particular, if the record reflects that the underlying issue of is no arguable

merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

Akes first contends that his counsel was ineffective for failing to demonstrate during the suppression hearing that Akes had a privacy interest in the vehicle. Brief for Appellant at 8-13. According to Akes, the vehicle was registered in Lockett's name for insurance purposes, but Akes was, in fact, the owner of the vehicle. ***Id.*** at 12. Akes claims that Lockett had previously admitted that fact, but that Lockett invoked his right against self-incrimination and refused to testify at the suppression hearing. ***Id.*** Akes states that his trial counsel attempted to introduce Lockett's prior statement, but that the trial court erroneously ruled that the statement was inadmissible. ***Id.*** at 12-13. According to Akes, Lockett's prior statement was a statement against interest, and therefore, admissible under an exception to the rule against hearsay. ***Id.*** at 13.

Akes raised this underlying claim (which conflates suppression and evidentiary issues) on direct appeal, and a panel of this Court concluded that the claim lacked merit. ***See Akes***, 154 A.3d 870 (unpublished memorandum at 8-14). Specifically, this Court concluded that Akes had waived his challenge by failing to raise a "statement against interest" hearsay argument at the suppression hearing, and by failing to respond when the Commonwealth objected to the statement as hearsay. ***Id.*** (unpublished memorandum at 13). Moreover, this Court stated as follows:

> [E]ven if Akes had properly preserved this issue, he has not demonstrated or explained that he has a legitimate expectation of privacy in the area of the car that was searched or that the search was unreasonable. Further, nothing in the record indicated the pill bottles were exclusively in Akes'[s] possession or that the other occupants of the vehicle did not have common access to the bottles. Akes merely states that Lockett's statements were exculpatory because the statements established Akes had a legitimate privacy interest in the vehicle. Given the fact that Akes does not challenge his consent to the search, in which he voluntarily handed the pill bottles to the officer, we would find that Akes has failed to meet his burden and the court did not err in denying his [M]otion to suppress.

*Id.* (unpublished memorandum at 14). Because we agree with this Court's prior analysis of this issue, we conclude that Akes's underlying claim lacks arguable merit. Further, Akes has not argued or established that there is a reasonable probability that the outcome of the proceedings would have been different if counsel had preserved this claim. *See Franklin*, *supra*; *see also Charleston*, *supra*. Therefore, we cannot conclude that trial counsel was ineffective in this regard.

Next, Akes argues that his trial counsel was ineffective for failing to seek suppression of evidence obtained from an unlawful search of his cell phone. Brief for Appellant at 13-14. Akes claims that the text messages obtained from his phone suggest that he possessed illegal drugs with the intent to deliver. *Id.* at 14.

Akes failed to set forth any argument concerning the reasonable basis and prejudice prongs of the test for ineffective assistance of counsel in support of this claim. Accordingly, Akes failed to satisfy his burden of establishing that he is entitled to relief on this basis. *See Wholaver*, *supra*; *see also*

*Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that "an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [an a]ppellant's burden of establishing that he is entitled to any relief.").

Akes also asserts that his trial counsel was ineffective for failing to challenge the discretionary aspects of his sentence. *See* Brief for Appellant at 15-19. Akes acknowledges that he received a standard-range sentence below the statutory maximum, but claims that his sentence is nevertheless manifestly excessive, because he received a term of probation consecutive to his prison term. *Id.* at 16-17. Akes also argues that the trial court did not properly consider his history, character and rehabilitative needs in imposing the sentence. *Id.* at 18, 19. According to Akes, the trial court's sentence was based solely on the nature and circumstances of the crime, and Akes's criminal history. *Id.* at 18.

Akes again failed to set forth any argument concerning the reasonable basis and prejudice prongs. *See Wholaver*, *supra*; *see also Bracey*, *supra*. Akes therefore failed to establish that he is entitled to relief on this

basis.[5]

Because the record reflects that Akes failed to plead and prove that his arguments are of arguable merit, and that he suffered actual prejudice, we conclude that the PCRA court did not err in dismissing Akes's Petition without a hearing. *See Baumhammers*, *supra*.

In his second claim, Akes argues that the PCRA court's failure to address the distinct claims he sought to raise in his proposed amended Petition resulted in a due process violation. *See* Brief for Appellant at 19-21. Akes claims that, following PCRA counsel's withdrawal, he responded to the PCRA court's Rule 907 Notice with a request to amend his Petition. *Id.* at 20.

Because Akes's *pro se* Response to the PCRA court's Rule 907 Notice is not contained in the certified record, we are unable to address this claim.

---

[5] We additionally note that, for his conviction of possession with intent to deliver, the offense gravity score was 11, and Akes had a prior record score of 5. The court calculated the standard-range sentence based on the possession with intent to deliver offense, for which the Sentencing Guidelines recommends a minimum sentence of 72-90 months in prison. *See* Pa. Code § 303.16(a). Thus, the trial court imposed a minimum sentence at the bottom of the standard range of the Sentencing Guidelines for this conviction, followed by one year of probation. For his remaining convictions, the offense gravity score was 1, for which the Sentencing Guidelines recommends restorative sanctions to 6 months in prison. The trial court imposed consecutive terms of one year of probation for each offense. The trial court was within its discretion to impose consecutive sentences. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (stating that sentencing courts have discretion to impose sentences concurrently or consecutively to other sentences). Further, where, as here, the trial court had the benefit of a PSI, this Court will presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the [PSI], the sentencing court's discretion should not be disturbed." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (stating that "if a document is not in a certified record, the Superior Court may not consider it."); ***see also id.*** (stating that "[t]his Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. … In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.").

Based upon the foregoing, we affirm the PCRA court's Order dismissing Akes's Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/19